**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ROBERT SMITH,
D.O.C. # 789293,**

    **Plaintiff,**

vs.           Case No.  **4:19cv514-MCR-CAS**

**OKEECHOBEE SCHOOL
FOR BOYS, et al.,**

    **Defendants.**
_____/

## AMENDED REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case in October 2019 by submitting a complaint pursuant to 42 U.S.C. § 1983, ECF No. 1, but he did not pay the filing fee or file an in forma pauperis motion at the time of case initiation.  An Order was entered directing him to do one or the other if he wanted to proceed with this case.  ECF No. 3.  After being granted more time to comply, ECF Nos. 4-5, Plaintiff filed in forma pauperis motion.  ECF No. 6.  A Report and Recommendation was entered on February 12, 2020, because Plaintiff's complaint did not reveal a basis for proceeding without full prepayment of the filing fee.  ECF No. 7.  On February 24, 2020,

Plaintiff filed a motion for an extension of time to submit an amended complaint. ECF No. 8. In light of that motion, the Report and Recommendation, ECF No. 7, is vacated and this Amended Report and Recommendation is entered.

Plaintiff's in forma pauperis motion demonstrates that Plaintiff is incarcerated in the Florida Department of Corrections. ECF No. 6. Plaintiff's inmate number is 789293. *Id.* Plaintiff has no money in his account with which to pay the filing fee. *Id.* at 5-6, 11. However, Plaintiff is not entitled to proceed with in forma pauperis status.

Notably, Plaintiff did not use the complaint form which is required by the Local Rules of this Court and which requires a pro se prisoner to disclose his prior litigation. Nevertheless, the Court takes judicial notice that Plaintiff has previously filed civil rights actions which have been dismissed on the grounds that they were frivolous, malicious, failed to state a claim, or sought monetary relief from a Defendant who is immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B). Case number 3:14cv231-MCR-CJK was dismissed for failure to state a claim on April 15, 2016. Case number 1:08cv22486 was dismissed on March 6, 2009, also for failure to state a claim. Plaintiff's appeal of that dismissal was affirmed

by the Eleventh Circuit, finding there was "no merit" to Plaintiff's arguments on appeal. Those three dismissals count as "strikes" under § 1915(g). It should be noted that in each case, the undersigned has confirmed that the case was filed by Plaintiff Robert Smith, inmate number 789293.

Plaintiff has also, on numerous occasions, been denied in forma pauperis status on the basis that he is a "three striker." *See* ECF Nos. 4 and 9 of case # 5:16cv259-MP-CJK; *see* ECF No. 8 of case # 1:12cv21285-UU (Southern District of Florida); and *see* case # 2:13cv14488-JEM (Southern District of Florida). Moreover, Plaintiff has also had a case dismissed as "abuse of the judicial process" for failing to disclose that he was a "three striker." *See* case # 3:12cv377-LAC-EMT. Plaintiff knows full well that he is not entitled to proceed without payment of the filing fee pursuant to 28 U.S.C. § 1915(g).[1]

There were no allegations within the original complaint to show that Plaintiff faced any danger of serious physical injury. *See* ECF No. 1. That is so because Plaintiff's case concerns events from the 1970's when

---

[1] That statute provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 if he "has, on 3 or more occasions . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Case No. 4:19cv514-MCR-CAS

Plaintiff contends he was housed at the Okeechobee School for Boys. ECF No. 1.  Even if Plaintiff were permitted to proceed without payment of the filing fee, this case could not proceed as it would be barred by the statute of limitations.  Additionally, there is no need to provide Plaintiff with an extension of time to file an amended complaint.  ECF No. 8.  Plaintiff may not sue the Okeechobee School for Boys in this civil rights case. Judicial notice is taken that the school has been closed for many years and Plaintiff has been incarcerated in the Department of Corrections since September of 2005.  Plaintiff's claims against that school are barred by the statute of limitations.

Accordingly, this case should be summarily dismissed because Plaintiff has had three prior cases dismissed which count as "strikes" and he is not under imminent danger of serious physical injury.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit).  "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status."  Id.  Plaintiff's motion requesting more time to file an amended complaint, ECF No. 8, should be denied.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** because Plaintiff is not facing imminent danger and he is not entitled to in forma pauperis status. It is further **RECOMMENDED** that Plaintiff's in forma pauperis motion, ECF No. 6, be **DENIED**, that the motion for an extension of time to file an amended complaint, ECF No. 8, be **DENIED**, and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on February 27, 2020.

S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.**  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.